IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LADONNA MANUEL, o/b/o A.P.,    :
                               :
    Plaintiff,                 :
                               :
v.                             :    CIVIL ACTION 09-0323-M
                               :
MICHAEL J. ASTRUE,             :
Commissioner of                :
Social Security,               :
                               :
    Defendant.                 :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for children (hereinafter *SSI*) (Docs. 1, 13).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20).  Oral argument was waived in this action (Doc. 19).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute

---

[1] Even though the application was actually filed by her mother, the child will be referred to as the Plaintiff.

its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was five years old (Tr. 230).  In claiming benefits, Manuel alleges disability due to ventricular septal defect and congestive heart failure (Doc. 13 Fact Sheet).

The Plaintiff filed a protective application for SSI on January 28, 2003 (Tr. 67-70).  On March 19, 2003, the Social Security Administration (hereinafter *SSA*) awarded SSI benefits to Manuel as of January 1, 2003 (Tr. 48).  On February 9, 2006, the SSA determined that Plaintiff was no longer disabled as of that month (Tr. 46).  Following an evidentiary hearing (Tr. 225-35), an Administrative Law Judge (ALJ) affirmed that decision, determining that Manuel's medical condition had improved to the point that she no longer had a severe impairment, she was no longer disabled, and that her SSI benefits would be discontinued (Tr. 17-30).  Plaintiff requested review of the hearing decision

(Tr. 15-16) by the Appeals Council, but it was denied (Tr. 10-12).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Manuel alleges the single claim that the ALJ improperly determined that her heart condition was not a severe impairment (Doc. 13). Defendant has responded to—and denies—this claim (Doc. 14).

As just noted, Plaintiff claims that the ALJ improperly determined that her heart condition was not a severe impairment. In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.921(a) (2009).[2] The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547

---

[2]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

(11th Cir. 1986).  It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."[3]

In making her claim, Plaintiff has referenced a single medical note, that of a non-examining physician reviewing the medical evidence of record for the SSA (Doc. 13, p. 6; *cf.* Tr. 176).  The physician completing that form found that Manuel suffered from a ventricular septal defect (hereinafter *VSD*) and found that it was severe, but that it did not meet, medically equal, or functionally equal the Listings (Tr. 176).  Later in that same form, however, the doctor specifically stated that "[e]vidence shows that the child's impairment DOES NOT significantly limit the child's ability to function" (Tr. 182) (emphasis in original).  This is consistent with the language of 20 C.F.R. § 416.921(a) which states that "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

The Court further notes that Manuel's treating physician,

---

[3]This Court is mindful that Plaintiff was only five years old at the time that the ALJ held his evidentiary hearing.  A five-year old is not expected to work, of course.  Should the Court need to evaluate her abilities as a five-year old, the Court will refer to the appropriate regulations.

Dr. David C. Mayer, also stated that her condition had improved and that she was no longer disabled.  On June 28, 2005, Mayer noted that Plaintiff "has had an excellent repair" of the VSD and that "[a] repeat echo done today shows absolutely no evidence of a residual VSD and no evidence of left ventricular outflow tract obstruction.  Her cardiac chamber dimensions and contractility are normal" (Tr. 163).  The doctor further noted that Manuel required no cardiovascular medications and that he did not need to see her again for a year.  On July 25, 2006, Dr. Mayer noted, after reviewing an echo exam and conducting his own examination, that Plaintiff "has had a very good repair of her congenital heart defects;" though noting a "mild enlargement of the ascending aorta and a right aortic arch," the physician found no other abnormalities and full function (Tr. 218).  On October 17, 2007, Dr. Mayer found "a 1/6 soft systolic murmur and a physiologically split second heart sound with a slight increase in the pulmonic component of the second heart sound" though all other components of the exam were normal; the echocardiogram confirmed his evaluation (Tr. 223).

     The Court finds no merit in Plaintiff's claim that the ALJ improperly determined that her heart condition was not a severe impairment.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.

Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 30th day of December, 2009.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE